Appeal of **VAN NORMAN MACHINE    Docket No. 2082. TOOL CO.**

> The amount of depreciation sustained in respect of buildings, machinery, equipment, or other facilities acquired on or after April 6, 1917, may not be included in an allowance for amortization of war facilities and deducted from gross income in a tax return for the calendar year 1918.

Submitted April 15, 1925; decided May 21, 1925.

*A. Lester Brown, C. P. A.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This appeal is from a deficiency in income and profits taxes for the year 1918 in the amount of $1,676.96. From the pleadings and admissions of counsel the Board makes the following

FINDINGS OF FACT.

During the year 1917 the taxpayer purchased or acquired buildings, machinery, equipment, and other facilities for the production of articles contributing to the prosecution of the World War. In its tax return for the year 1917 the taxpayer claimed a deduction for depreciation of depreciable assets of $25,014.99. No part of this amount was for depreciation on the war facilities acquired during the calendar year. A revenue agent, after an examination of the taxpayer's books of account for 1917, recommended the disallowance of $14,866.23 of the $25,014.99 depreciation claimed upon the tax return. This recommendation was not accepted in full by the Commissioner, and the taxpayer was allowed for 1917 a depreciation of $21,950.24, none of which was predicated upon the war facilities acquired during the calendar year. In its tax return for 1918 the taxpayer claimed a deduction from gross income of $10,020.19 in respect of amortization upon the war facilities acquired during the year 1917. In the audit of the taxpayer's tax return for 1918 the Commissioner reduced the deduction from gross income on account of amortization by $2,035.14, on the ground that that amount represented depreciation of the amortized assets sustained prior to January 1, 1918.

DECISION.

The determination of the Commissioner is approved.

OPINION.

SMITH: The issue in this appeal is whether the taxpayer is entitled to deduct from gross income in its tax return for the calendar year 1918, as amortization, the full amount of depreciation and amortization sustained to December 31, 1918, upon war facilities acquired during the year 1917. There is no question as to the cost of the war facilities in 1917 or as to their postwar value. The question is simply whether the taxpayer is entitled to deduct from gross income of 1918, as amortization, depreciation on war facilities found by the Commissioner to have been sustained during the calendar year 1917.

The Revenue Act of 1916, as amended by the Revenue Act of 1917, permits a taxpayer to deduct from gross income a "reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business or trade." Section 12(a). The Revenue Act of 1918, under which the taxpayer's return for 1918 was made, permits a corporate taxpayer to deduct from gross income:

In the case of buildings, machinery, equipment, or other facilities, constructed, erected, installed, or acquired, on or after April 6, 1917, for the production of articles contributing to the prosecution of the present war, and in the case of vessels constructed or acquired on or after such date for the transportation of articles or men contributing to the prosecution of the present war, there shall be allowed a reasonable deduction for the amortization of such part of the cost of such facilities or vessels as has been borne by the taxpayer, but not again including any amount otherwise allowed under this title or previous Acts of Congress as a deduction in computing net income. At any time within three years after the termination of the present war the Commissioner may, and at the request of the taxpayer shall, reexamine the return, and if he then finds as a result of an appraisal or from other evidence that the deduction originally allowed was incorrect, the taxes imposed by this title and by Title III for the year or years affected shall be redetermined and the amount of tax due upon such redetermination, if any, shall be paid upon notice and demand by the collector, or the amount of tax overpaid, if any, shall be credited or refunded to the taxpayer in accordance with the provisions of section 252: * * * (Section 234(a) (8).)

The taxpayer argues that, inasmuch as it deducted from gross income in its tax return for 1917 no amount for depreciation of the war facilities acquired during that year, it should be permitted to deduct from the gross income of the year 1918, as amortization, the difference between the cost of the facilities in 1917 and their post-war value; that it was not "allowed" to deduct any amount whatever from its gross income of 1917 in respect of depreciation sustained upon the war facilities during 1917, and that the portion of the above quoted language of section 234(a) (8), " but not again including any amount otherwise allowed under this title or previous Acts of Congress as a deduction in computing net income," raises no presumption that it should not be entitled to deduct as amortization for 1918 depreciation sustained in 1917 but not claimed in its original return for 1917 and not allowed as a deduction in the adjustment made in that return by the Commissioner.

We can not doubt that if the taxpayer had claimed a deduction from the gross income reported in its income-tax return for 1917 for depreciation upon the war facilities acquired during that year, and such deduction had not been disallowed by the Commissioner, it would not be entitled to claim as amortization for the year 1918 any portion of the amount taken as depreciation for the year 1917. In such case the amount claimed as depreciation for the year 1917 would clearly have been " allowed " under the revenue acts in force for 1917. The argument of the taxpayer is, in brief, that the words " reasonable allowance for the exhaustion, wear and tear of property arising out of its use or employment in the business or trade," as used in section 12(a) of the Revenue Act of 1916 (unamended by the Revenue Act of 1917), gives it an option to claim an allowance for depreciation for the year 1917, and that if the depreciation allowance is not claimed it has not been " allowed," within the meaning of section 234(a)(8) of the Revenue Act of 1918.

We have had occasion to consider whether a provision for an allowance for depreciation gives a taxpayer any option to claim depreciation or not in an income-tax return filed for any year. In the *Appeal of Even Realty Co.*, 1 B. T. A. 355, 363, we said:

We do not think the word *allow* intended any option. As used, it merely means *consider* or *subtract*. One weighing goods in packages *allows* for the tare in figuring net weight. In computing profit on a sale one *allows* or *makes* allowance for cost when he deducts it from the sale price. Instead of saying " the following amounts shall be subtracted," Congress said " there shall be allowed as deductions," meaning the same thing. And where it said " a reasonable allowance for the exhaustion " it merely meant *a reasonable amount*. To hold that the use of the word *allow* and its derivatives indicated an option in the taxpayer to claim his deduction, or to treat the fact entitling him thereto as if it had not occurred and to make future returns on the basis of its nonoccurrence, would lead to many absurdities.

In the *Appeal of Union Metal Manufacturing Co.*, 1 B. T. A. 395, 399, we said:

The mere failure of a taxpayer to take the proper deduction in each year does not permit him to take advantage of his mistake through an incorrect return in a later year, nor does it permit the Commissioner to compel an incorrect return. The law does not contemplate the adjustment in any part of an incorrectly computed tax by the incorrect computation of another tax. Unless barred by the statute of limitations, a taxpayer is not precluded from demanding a correct computation of his tax for a past year on the facts as they existed, whether originally reported or not.

In consonance with that opinion, we think that the taxpayer may not deduct from its gross income for the year 1918, as amortization, any amount which should have been deducted as depreciation from gross income in its income-tax return for 1917. At the hearing, counsel for the taxpayer admitted as a matter of fact that depreciation had been sustained upon the war facilities in question during the period from the date of purchase in 1917 to December 31, 1917. It was not admitted, however, that the amount was $2,035.14. Neither was it proven what the amount of such depreciation was. The Board has no data before it from which to determine the amount of depreciation actually sustained by the taxpayer upon the war facilities in question from the date of purchase to December 31, 1917, if it was otherwise than $2,035.14. Upon the record the determination of the Commissioner must be approved.